UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TINA M.,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C22-5053-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for a finding of disability under sentence four of 42 U.S.C. § 405(g)

## BACKGROUND

Plaintiff was born in 1960, has a 10th-grade education, and has worked as a water meter technician. AR 157. Plaintiff was last gainfully employed in 2014. *Id*.

In July 2015, Plaintiff applied for benefits, alleging disability as of May 15, 2014. AR 144-45. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. AR 82-84, 87-94. After the ALJ conducted a hearing in July 2017 (AR 34-60), the ALJ issued a decision finding Plaintiff not disabled. AR 15-28.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. The U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. AR 574-89.

On remand, a different ALJ held a hearing in August 2020 (AR 511-45) and subsequently issued a decision finding Plaintiff not disabled. AR 492-504. The Appeals Council denied Plaintiff's request for review (AR 482-88), and Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

1  Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is
2  susceptible to more than one rational interpretation, it is the Commissioner's conclusion that
3  must be upheld. *Id.*

## DISCUSSION

5  The parties agree that the ALJ erred in discounting Plaintiff's testimony, the lay
6  evidence, and certain medical opinions. Dkt. 18, Dkt. 19. The parties disagree as to the
7  appropriate remedy for the ALJ's errors, with Plaintiff urging the Court to remand for a finding
8  of disability.

9  The Court has discretion to remand for further proceedings or for a finding of disability.
10 *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for a finding of
11 disability is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v.*
12 *Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Social Sec. Admin.*,
13 775 F.3d 1090, 1099 (9th Cir. 2014)).

14 Before remanding a case for a finding of disability, three requirements must be met.
15 First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence,
16 whether claimant testimony or medical opinion.'" *Brown-Hunter*, 806 F.3d at 495 (quoting
17 *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must conclude "'the
18 record has been fully developed and further administrative proceedings would serve no useful
19 purpose.'" *Id*. In so doing, the Court considers the existence of "'outstanding issues'" that must
20 be resolved before a disability determination can be made. *Id*. (quoting *Treichler*, 775 F.3d at
21 1105). Third, the Court must conclude that, "'if the improperly discredited evidence were
22 credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id*.
23 (quoting *Garrison*, 759 F.3d at 1021). Finally, even with satisfaction of the three requirements,

1 the Court retains "'flexibility'" in determining the proper remedy. *Id*. The Court may remand for further proceedings "'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id*.

As noted above, the parties agree that the first step in the remedy analysis has been satisfied because the ALJ's decision contains reversible error. Moving to the second step, the Commissioner's brief requesting remand offers examples of conflicts in the record that, according to the Commissioner, indicate that further proceedings are necessary. The Court does not find any of these examples of purported inconsistencies convincing.

First, the Commissioner contends that Plaintiff has made inconsistent statements regarding her headaches (Dkt. 18 at 5), but none of the statements cited are in fact inconsistent. In 2014, Plaintiff told providers that she had experienced daily headaches for 20 years, and told other providers that she occasionally woke up with a headache in the morning. *See* AR 229, 234, 236, 238, 302, 304. A headache need not be experienced in the morning in order to constitute a "daily" headache, however.

The Commissioner also notes that Plaintiff experienced headaches even during the time period that she was working (Dkt. 18 at 5), but because she never alleged that her headaches were the primary cause of her inability to work, the longstanding nature of Plaintiff's headaches does not undermine her allegation of disability due to other conditions. *See, e.g.*, AR 38-56 (Plaintiff's hearing testimony alleging that she cannot work due to widespread pain, with no mention of headaches), 156 (Plaintiff's agency paperwork wherein she claims to be disabled due to fibromyalgia and sleep apnea), 165-72 (Plaintiff's function report describing limitations due to fatigue and pain), 531-41 (Plaintiff's hearing testimony describing widespread pain, with no mention of headaches).

ORDER REVERSING THE COMMISSIONER'S
DECISION - 4

As another example of an inconsistency in the record, the Commissioner points to Plaintiff's gaps in treatment, pointing to periods of several months or up to a year where Plaintiff did not return to her providers. Dkt. 18 at 5-6. But there is no suggestion in the record that her providers requested more frequent appointments or that they believed more appointments would be useful. *See, e.g.*, AR 390 ("[Plaintiff] failed most conventional approaches [for fibromyalgia]. I am not sure what we will try next."), 732 (Plaintiff instructed to call back if melatonin does not improve sleep problems), 735 (Plaintiff instructed to follow up "[a]s needed"), 742 (same). The Commissioner has not shown that the frequency of Plaintiff's appointments was inconsistent with the nature of her symptoms or conditions, such that it undermines the reliability of her complaints.

Next, the Commissioner points to an ambiguity in the ALJ's assessment of the lay evidence as an example of an inconsistency that must be resolved on remand. The ALJ explained that he discounted the lay statements in favor of "treatment notes, including gaps in treatment, noncompliance with recommendations, and lesser symptoms than the [lay] statements suggest, but that are evident in physical examinations." AR 503. The ALJ also went on to find that the lay statements were largely consistent with the RFC assessment. *Id*. The Commissioner acknowledges that the ALJ's assessment of the lay statements is "ambiguous" (Dkt. 18 at 6), perhaps because the lay statements described many disabling limitations that were, in fact, not accommodated in the ALJ's RFC assessment. *See* AR 185-92, 214-18, 711-12. But the Court does not find that an ambiguous explanation contained in the ALJ's decision constitutes an inconsistency *in the record* that must be resolved on remand.

Lastly, the Commissioner contends that because the ALJ summarized evidence that post-dates Plaintiff's date last insured, the ALJ must have an opportunity to determine whether

1  Plaintiff's disability onset during the adjudicated period. Dkt. 18 at 7. The Commissioner also
2  argues that because Plaintiff also submitted new evidence to the Appeals Council (AR 670-79),
3  the ALJ should have the opportunity to consider it in the first instance. *Id*. New or recent
4  evidence that corroborates Plaintiff's allegations during the adjudicated period does not create a
5  conflict suggesting that further proceedings would be useful.

   For these reasons, the Court finds no conflicts in the record requiring resolution on
7  remand, and now turns to consider the last step of the remedy analysis: whether Plaintiff would
8  be found disabled if the erroneously discounted evidence were credited as true. Plaintiff's
9  allegations support a finding of disability, as do the opinions of Plaintiff's providers. *See, e.g.*,
10 AR 368-70, 411-13, 723-24. The Commissioner has not disputed this point, although she does
11 contend that the inconsistencies in the record raise serious doubts as to whether Plaintiff is
12 disabled. *See* Dkt. 18 at 7-8. As explained *supra*, the Court disagrees that the record contains
13 inconsistencies and, in any event, the Court's review of the record did not raise any serious
14 doubts about whether Plaintiff is entitled to benefits. The Court therefore exercises its discretion
15 to remand this case for a finding of disability.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for a finding of disability.

Dated this 11th day of August, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S
DECISION - 6